**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1589 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00080-TOR-1 |
| v. | MEMORANDUM[*] |
| DANNIE PAUL BOWLING III, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted May 29, 2024[**]

Before: FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Dannie Paul Bowling III appeals from the district court's judgment and challenges the 18-year sentence imposed upon his guilty-plea conviction for production and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), (e).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bowling first contends that the district court failed to explain the sentence adequately. He asserts that the court failed to address the 18 U.S.C. § 3553(a) sentencing factors, and provided insufficient justification for its rejection of the parties' joint recommendation for a sentence of 15 years and its denial of his request for a variance in light of future amendments to U.S.S.G. § 4A1.1. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record shows that the court was aware of the parties' sentencing recommendation and Bowling's mitigating arguments, which it specifically acknowledged. Its explanation that a sentence of 18 years was "sufficient but not greater than necessary to comply with the purposes and goals of sentencing" makes clear that it did not believe a lower sentence was justified under § 3553(a) notwithstanding the parties' joint recommendation. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the court expressly rejected Bowling's request for a variance, explaining that the 18-year sentence was below-Guidelines even after considering the upcoming amendments to § 4A1.1.

Bowling also contends that his sentence is substantively unreasonable because the 15-year sentence recommended by the parties would have been sufficient. We review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable under

the totality of the circumstances and the § 3553(a) factors, including the nature of the offense and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**